IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HEILNER, *et al.*, | : Civil No. 1:25-CV-01043 |
| Plaintiffs, | : |
| v. | : |
| ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is a complaint filed by eight self-represented individuals housed at the Dauphin County Prison (collectively identified as "Plaintiffs") under 28 U.S.C. § 1331 to establish a class action to challenge 34 U.S.C. § 20901, 18 U.S.C. § 2250, 18 Pa.C.S. § 4915.2, 42 Pa.C.S. § 9799.16, 18 Pa. § 7512, and 18 Pa. § 6312 as unconstitutional. (Doc. 1.) Plaintiffs collectively refer to these statutes as the federal and Pennsylvania "SORNA" statues. (*Id.*) For the following reasons, the court will dismiss Plaintiffs who have not filed their motions to proceed *in forma pauperis* from this action, grant the motions to proceed *in forma pauperis* for those who have filed such motions, dismiss the complaint for lack of standing, and deny the request for class certification. Plaintiffs may file separate amended complaints setting forth facts demonstrating

that they have standing and the bases for their challenges to the constitutionality of the SORNA statutes.

## BACKGROUND

On June 10, 2025, the court received and docketed a complaint from the following seven Plaintiffs: (1) Eric Heilner ("Heilner"); (2) Joseph Bryan Dantzler-Harris ("Dantzler-Harris"); (3) Darrell Jesse Rivera ("Rivera"); (4) Aaron Cunagin ("Cunagin"); (5) Joey Hoffman ("Hoffman"); (6) Dustin Zernicke ("Zernicke"); and (7) Joseph Settle ("Settle"). (Doc. 1.) The complaint names the following eight defendants: (1) Attorney General of the Commonwealth of Pennsylvania; (2) Pennsylvania General Assembly; (3) Commonwealth of Pennsylvania; (4) Attorney General of the United States; (5) United States Department of Justice; (6) United States Congress; (7) Verizon and any other companies; and (8) Pennsylvania State Policy. (*Id*.) Plaintiffs challenge the constitutionality of the federal and Pennsylvania SORNA statues, stating that these statutes violate the Pennsylvania and United States Constitutions. (*Id*.) Plaintiffs also seek class certification to bring this action on behalf of other similarly-situated individuals. (*Id*.) As relief, Plaintiffs seek injunctive and declaratory relief. (*Id*.)

On June 10, 2025, the court entered an administrative order requiring all Plaintiffs to pay the outstanding filing fee or file a motion to proceed *in forma pauperis*. (Doc. 4.) Currently, only Plaintiffs Hoffman, Rivera, and Heilner, have

filed motions to proceed *in forma pauperis*.  (Docs. 5, 7, 11.)  However, the court has only received the prisoner trust fund account for Rivera.  (Doc. 8.)

The court will dismiss Plaintiffs who have neither paid the filing fee nor filed a motion to proceed *in forma pauperis*, grant the *in forma pauperis* motion for Rivera, screen the complaint, dismiss the complaint for lack of standing, and deny the request for class certification.

DISCUSSION

### A. Plaintiffs Who Have Not Filed a Motion to Proceed *In Forma Pauperis* Will Be Dismissed.

Pursuant to 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."  28 U.S.C. § 1914(a).  The Prison Litigation Reform Act ("PLRA") requires *each* prisoner joined in a lawsuit to pay a full individual filing fee in installments, pursuant to 28 U.S.C. § 1915.  *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) (emphasis added); *see also* 28 U.S.C. § 1915(b)(1).  Section 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement" of a civil action or appeal.  In *Hagan*, the Third Circuit explained:

> Section 1915(b)(3) must be read in the context of § 1915(b) as a whole. Section 1915(b)(1) provides that a court must ultimately collect a full filing fee from a prisoner, and, where possible, must collect an initial portion of the fee up front. Section 1915(b)(2) establishes procedures by which a prisoner shall make monthly payments against the balance of the fee. Read in sequence, common sense indicates that § 1915(b)(3) merely ensures that an IFP prisoner's fees, when paid by installment, will not exceed the standard individual filing fee paid in full. Nothing in § 1915(b) mentions joinder or indicates that Congress intended § 1915(b)(3) to serve as a bar to the collection of multiple individual fees from individual plaintiffs in a joint litigation.

570 F.3d at 155.

Thus, to proceed with a civil action, each prisoner-plaintiff must pay the entire filing fee or request leave to proceed *in forma pauperis* and submit the affidavit and prisoner trust account statement required by 28 U.S.C. § 1915(a). *See LeFever v. United States*, No. 3:17-CV-1499, 2020 WL 4551235, at *5 (M.D. Pa. Aug. 6, 2020). An indigent prisoner granted leave to proceed *in forma pauperis* still must pay the filing fee, but the payment is made in monthly installments. *See* 28 U.S.C. § 1916(b)(2).

On June 10, 2025, the court entered an administrative order informing Plaintiffs that their action would not proceed unless they each either paid the filing fee or filed an application to proceed *in forma pauperis*. (Doc. 4.) The court gave Plaintiffs thirty days to return the properly executed forms and warned that their failure to do so would result in the dismissal of their action without prejudice. (*Id.*) Dantzler-Harris, Cunagin, Zernicke, and Settle have neither paid the filing fee nor

4

sought leave to proceed *in forma pauperis*. As these four Plaintiffs have neither paid the fee, nor requested an extension of time to pay the filing fee, nor submitted the required form, the court will dismiss the claims they raise without prejudice.

However, Hoffman, Rivera, and Heilner have filed motions to proceed *in forma pauperis*. (Docs. 5, 6, 11.) Only Rivera has filed a request leave to proceed *in forma pauperis* and submitted the affidavit and prisoner trust account statement required by 28 U.S.C. § 1915(a). (Doc. 7, 8.) Therefore, the court will grant Rivera's motion to proceed *in forma pauperis* and the court will screen the complaint.

Hoffman and Heilner have only filed motions to proceed *in forma pauperis*, and Heilner's motion is not the form forwarded to him by the court and is missing the required authorization. (Docs. 5, 11.) These are insufficient under 28 U.S.C. § 1915(a). The court will not dismiss these Plaintiff as parties at this time, but will send an additional administrative order to Dauphin County Prison for the prisoner trust account statements for Heilner and Hoffman. Additionally, the court will send Heilner a new form motion to proceed *in forma pauperis* with the required authorization.

### B. Screening Standard

Because Rivera will be granted *in forma pauperis status*, the court will screen the complaint.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-

represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### C. Plaintiffs Lack Standing

Article III of the United States Constitution limits federal court jurisdiction to "cases" or "controversies." U.S. CONST. art. III, § 2. To establish Article III standing, a plaintiff must demonstrate that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). For injuries in fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339. Particularized injuries "affect the plaintiff in a personal and individual way." *Id*. While a plaintiff must show an injury to have standing, they need not wait for government enforcement or sanctions to bring a challenge. Instead, a plaintiff may sue upon "a threat" of enforcement that would implicate their legally protected interest. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). In contrast, "[a]llegations of possible future injury are not sufficient to satisfy Article III" standing. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (internal

quotation marks omitted). The threat of future injury may not be "merely imaginary or wholly speculative." *N.J. Bankers Ass'n v. Att'y Gen. N.J.*, 49 F.4th 849, 855 (3d Cir. 2022); *City of Los Angeles v. Lyons*, 461 U.S. 95, 95 (1983) (reasoning that "the injury or threat of injury" cannot be "conjectural" or "hypothetical"). It must be "real or immediate." *A.S.*, 66 F. Supp. 3d at 546. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 95-96 (internal quotation marks omitted).

    Here, the complaint states that the following to establish standing:

> All plaintiffs who bring forth this suit are either currently being prosecuted or have previously been prosecuted and convicted under one or more of the named statues, are subject to an unconstitutional registry under state and federal SORNA laws and continue to be deprived of their right to reputation, privacy, protection from cruel and unusual punishments and protection under The Ex Post Facto Clauses of both the Pennsylvania and United States Constitutions. They thus have established standing to bring this lawsuit challenging the statutes at issue and we also assert that they are being deprived of these Constitutionally protected rights without any semblance of due process – which violates another Constitutional right.

(Doc. 1, p. 3.)[1]

    The allegations of standing in this complaint are simply too general. One infirmity is that there are no alleged underlying criminal convictions or indictments demonstrating that any of the six identified statutes applies to each Plaintiff.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Without more specific allegations, the three named Plaintiffs proceeding in this action do not have Article III standing, and the complaint must be dismissed. However, the dismissal will be without prejudice to allow the Plaintiffs to amend their complaint to cure the pleading defects.

### D. The Request for Class Certification Will Be Denied.

Plaintiffs request class certification. (Doc. 1.) To certify a class, a plaintiff must establish that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The Third Circuit has held that "[i]t is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) (quoting *Oxendine*, 509 F.2d at 1407). Therefore, Plaintiffs' request for class certification will be denied.

## CONCLUSION

For the above-stated reasons, the court will dismiss four of the seven Plaintiffs for not paying the requisite filing fee or filing motions to proceed *in forma pauperis* and grant *in forma pauperis* status to Rivera. The court will send an additional administrative order to Dauphin County Prison for the prisoner trust account statements for Heilner and Hoffman. Additionally, the court will send Heilner a new form motion to proceed *in forma pauperis* with the required authorization. The court will dismiss the compliant without prejudice for lack of standing. The request for class certification will be denied.

Plaintiffs may file an amended complaint that cures the pleading defects set forth above.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 1, 2025